NORMAN M. CLAPP, Secretary, Department of Transportation
You requested my opinion as to whether the continuing appropriation provided under sec. 20.866 (2) (ur), Stats., carries over after July 1, 1971, in the absence of a budget for fiscal year 1971-72. Your question was prompted by a desire to determine whether the State Bond Board had authority to arrange for the issuance of additional bonds for the purposes stated in said section prior to the enactment of the new budget.
Section 20.866 (2) (ur), Stats., provides:
"(ur) Transportation, accelerated highway improvements. As a continuing appropriation from the capital improvement fund, the amounts in the schedule to acquire, construct, develop, enlarge, or improve state highway facilities as provided, by ss. 84.06 and 84.09. The state may contract public debt in an amount not to exceed $40,300,000 for this purpose."
This continuing appropriation is set forth in the budget in sec. 20.005
(2), Stats., on page 344 of the 1969 Statutes as follows: *Page 510 
"20.866 Public debt
* * *
(2) CAPITAL IMPROVEMENTS
* * *
 (ur) Transportation Source Type 1969-70 1970-71 accelerated highway BR C 40,300,000 0 improvements
* * *"
Section 20.001 (3), Stats., lists four basic types of appropriations: annual appropriations, biennial appropriations, continuing appropriations and sum sufficient appropriations. A continuing appropriation is specifically defined as follows under sec. 20.001 (3) (c), Stats.:
"(c) Continuing appropriations. Continuing appropriations, indicated by the abbreviation `C' in s. 20.005, are appropriations which are expendable until fully depleted or repealed by subsequent action of the legislature. The appropriations for any given year shall consist of the previous fiscal year ending balance together with the revenues received or new appropriation authority granted under ss. 20.100 to 20.899 during the current fiscal year. Dollar amounts shown in the schedule under s. 20.005
represent the most reliable estimates of the amounts which will be expended during any fiscal year, but shall not be limiting. Continuing appropriations are indicated in ss. 20.100 to 20.899 either by the introductory phrase, `as a continuing appropriation' or by the introductory phrase `all moneys received from'."
The funds appropriated under sec. 20.866 (2) (ur), Stats., are acquired under the authority of sec. 18.04 (2), Stats., which provides:
"(2) The board shall authorize public debt to be contracted and evidences of indebtedness to be issued therefor up to the amounts specified by the legislature to acquire, construct, develop, extend, enlarge or improve land, waters, property, highways, buildings, equipment or facilities for *Page 511 
the classes of public purposes specified by the legislature as the funds are required. Said requirements for funds shall be established by that department or agency head having program responsibilities for which public debt has been authorized by the legislature."
The State Bond Board may contract State debt only up to the amounts specified by the legislature. The legislature has specified under sec.20.866 (2) (ur), Stats., that the ". . . state may contract public debt in an amount not to exceed $40,300,000 . . ." This amount was borrowed in full through the following bond issues:
 June 1970 $11,500,000 September 1970 10,000,000 January 1971 3,000,000 April 1971 5,000,000 July 1971 10,800,000
In fiscal year 1969-70 only $9,425,276.98 was actually expended from the $11,500,000 of borrowed funds. In fiscal 1970-71 another $17,219,305.91 was expended. As of July 1, 1971, there were unexpended funds of $2,855,417.11 available plus bonding authority for an additional $10,800,000.
Prior to the passage of a budget for fiscal year 1971-72, there were not any new appropriations by the legislature and hence there was not any authority for the State Bond Board to contract additional state debt for these purposes once the specified limit had been met.
A continuing appropriation is the type of appropriation which may be expended until fully depleted, even if it is expended in succeeding fiscal years following the fiscal year of appropriation. The $40,300,000 appropriation was authorized as a continuing appropriation by the legislature for fiscal 1969-70. The bonding authority was exhausted through bond issues of $11,500,000 in fiscal 1969-70, $18,000,000 in fiscal 1970-71, and $10,800,000 in fiscal 1971-72. Once these funds were expended, no additional funds could be contracted for in the absence of a new appropriation authorizing the issuance of additional bonds. *Page 512 
In this instance we are not concerned with a situation where the source of funds is a continuing receipt of revenues which are paid into the general fund and appropriated therefrom for certain specified purposes.
You have called my attention to sec. 84.51, Stats., which provides:
"84.51 Construction of state highways. (1) The highway commission, with the approval of the secretary of transportation and the governor subject to the limits of s. 20.866 (2) (ur) may direct that state debt be contracted for the construction of highways as set forth in sub. (2) and subject to the limits set herein. Said debts shall be contracted in accordance with ch. 18.
"(2) It is the intent of the legislature that state debt not to exceed $200,000,000 for the construction of highways be appropriated over a six-year period except that no funds shall be used for the construction of the proposed Bay freeway [and] except that no funds shall be used for the `Augusta Bypass' project in Eau Claire county. Nothing in this section shall be construed so as to allow the redevelopment of state trunk highway 83 in Washington and Waukesha counties. U.S. numbered highway 16 from Tomah to the interchange with I 90 east of Sparta shall be retained as part of the state highway system in the same route as in use on November 1, 1969."
This section provides for an appropriation subject to the limits of sec. 20.866 (2) (ur), Stats., and that the debt shall be contracted for in accordance with ch. 18 of the Wisconsin Statutes which relates to bonding for public purposes. Although sec. 84.51 (2), Stats., expresses a legislative intent that $200,000,000 will be appropriated for the construction of highways over a six-year period, the subsection itself does not constitute an appropriation and cannot be the basis of additional borrowing authority beyond the $40,300,000 actually authorized and appropriated under sec. 20.866
(2) (ur), Stats.
You also have called my attention to sec. 20.002 (1), Stats., which provides: *Page 513 
"20.002 General appropriation provisions. (1) EFFECTIVE PERIOD OF APPROPRIATIONS. Unless otherwise provided appropriations shall become effective on July 1 of the fiscal year shown in the schedule under s. 20.005
and shall be expendable until the following June 30. If the legislature does not amend or eliminate any existing appropriation on or before July 1 of the odd-numbered years, such existing appropriations provided for the previous fiscal year shall be in effect in the new fiscal year and all subsequent fiscal years until amended or eliminated by the legislature."
I do not believe this section is applicable under the instant circumstances, but a discussion of the section nevertheless appears to be in order.
The first sentence of that section does not apply to a continuing appropriation, since a continuing appropriation is expendable until fully depleted and may be expended in succeeding fiscal years following the fiscal year of appropriation. A continuing appropriation does not have to be expended by June 30 of the fiscal year of appropriation.
The second sentence applies to a continuing appropriation in this manner. The existing appropriation provided for the previous fiscal year remains in effect in succeeding fiscal years until amended or eliminated by the legislature. Therefore, in the absence of a new budget, the appropriation for the previous fiscal year would be in effect for the succeeding fiscal year.
If the provisions of sec. 20.002 (1), Stats., were to apply in the instant case, the appropriation for the previous fiscal year of 1970-71 which would remain in effect for fiscal year 1971-72 would be the difference between $40,300,000 and the amount actually expended in fiscal year 1969-70. This is because the statutory definition of a continuing appropriation provides that the appropriation for any given fiscal year shall consist of the previous fiscal year ending balance plus any new appropriation authority granted in the current fiscal year. This difference would be in addition to the unexpended portion of the $40,300,000 remaining as of July 1, 1971. *Page 514 
It could be argued that the appropriation for fiscal year 1970-71 was zero, because that amount appears in the schedule under sec. 20.005 (2), Stats., on page 344 of the 1969 Wisconsin Statutes. However, as pointed out in sec. 20.001 (3) (c), Stats., and the introductory paragraph to sec. 20.005 (2), Stats., the tabulations set forth in sec. 20.005 (2), Stats., represent the most reliable estimates of the amounts which will be expended during any fiscal year from the continuing appropriations established in subsecs. 20.100 to 20.899, Stats. Accordingly, sec. 20.005 (2), Stats., did not establish the continuing appropriation under discussion; that was established under sec. 20.866 (2) (ur), Stats.
The more precise question then is whether sec. 20.002
(1), Stats., provides additional bonding authority to satisfy the requirements of sec. 18.04 (2), Stats. I am of the opinion it does not.
The last sentence of sec. 20.866 (2) (ur), Stats., is controlling. It authorizes the contracting of public debt for the purpose stated therein up to a limit of $40,300,000.
Section 20.002 (1), Stats., cannot be relied upon as authority for exceeding that limit. That section was enacted prior to the amendment to Art. VIII, sec. 7, Wis. Const., which permitted the current bonding for public purposes provisions found in ch. 18, Stats. Section 20.002 (1), was never intended to provide additional bonding authority under the circumstances being discussed here. Such bonding authority must be expressed in much more explicit terms.
Of course, since your inquiry the legislature has adopted a new budget for the 1971-73 biennium which contain additional bonding authority.
RWW:APH